**STUBBS ALDERTON & MARKILES, LLP**
Jeffrey F. Gersh (SBN 87124)
*jgersh@stubbsalderton.com*
Celina C. Kirchner (SBN 293446)
*ckirchner@stubbsalderton.com*
15260 Ventura Boulevard, 20th Floor
Sherman Oaks, California 91403
Telephone:(818) 444-4548

Attorneys for Plaintiff,
The MASYC Group, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MASYC GROUP, INC., a Wyoming corporation,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LAM, an individual; KELLEY KEYES, an individual; GREG DEMMELMAIER, an individual; CHAD HOLEWINSKI, an individual; SEAN PHAN, an individual; TRENEZ, LLC, an Arizona limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-03900<br><br>AMENDED STIPULATED PROTECTIVE ORDER<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 1A, 2(h), 3, 5(b)(ii), 6(a), 6(b), 6(c), 7(a), 7 n.1, 7(b), 7(d)(v), 7(d), 7, 7(f), 9, 10] |

1

## 1.   A.   <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 14, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the Court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

Nothing in this Protective Order shall be construed as limiting a Designating Party's use of its own Confidential or Highly Confidential Materials. If the Designating Party disseminates its own Confidential or Highly Confidential Materials outside of the confines of this Order, such Information shall no longer be subject to this Order.

All procedures for challenging designation of Protected Materials and any other proceedings requiring motions before the Court must comport with the District Judge's Scheduling Order and Local Rule 37-1, et seq., which require, among other things, the parties to meet and confer before filing any discovery-related motion. To the extent that any procedure set forth herein conflicts with the District Judge's Scheduling Order, the Scheduling Order shall control.

### B.   <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as Confidential Materials or Highly Confidential Materials without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## 2. **DEFINITIONS**

When used in this Order, the term:

(a) "**Acknowledgement**" means the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

(b) "**Action**" means the above-entitled proceeding action, Case No. 2:24-cv-03900-MCS (JCx).

(c) "**Challenging Party**" means a Party or Non-Party that challenges the designation of Documents, Testimony, or other Information as Confidential Materials or Highly Confidential Materials pursuant to this Protective Order.

(d) "**Confidential Materials**" means any Documents, Testimony, or Information that a Designating Party believes in good faith is entitled to confidential treatment under applicable law and in accordance with this Protective Order. Confidential Materials shall be designated as "CONFIDENTIAL" pursuant to this Order.

(e) "**Counsel**" means counsel of record in this matter, as well as their support staff.

(f) "**Court**" means the Hon. Marc C. Scarsi, or any other judge to which this Action may be assigned, including court staff.

(g) "**Designating Party**" means any Party or Non-Party disclosing or producing Protected Material in connection with this Action and marking such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(h) "**Disclose**," "**Disclosed**," or "**Disclosure**" means to give, make available, or reveal Protected Material, or any part thereof to any person not specified in Section 7.

(i) "**Documents**" means (i) any "writing," "original," and "duplicate" as those terms are defined in Federal Rules of Evidence Rules 1001(a), 1001(d), and 1001(e), which have been produced during discovery in this Action by any person or entity and (ii) any copies, summaries, or reproductions of the same, in whole or in part.

(j) "**Expert**" or "**Experts**" means a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(k) "**Final Disposition**" shall mean the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(l) "**Highly Confidential Materials**" means all any Documents, Testimony, or Information that a Designating Party believes in good

faith that the Disclosure of such information to a party or nonparty would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. Highly Confidential Materials shall be designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order. For purposes of marking documents as Confidential or Highly Confidential, Highly Confidential Materials do not include information or documents that have been copied or taken from the other party. For example, Defendants shall not mark information or documents that were previously created or owned by Plaintiff as Highly Confidential; Plaintiff, however, could mark such documents Highly Confidential.

(m) "**Information**" means the content of Documents or Testimony, including individual records (and associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including but not limited to emails, messages, Microsoft Word documents, digital presentations, spreadsheets, and database content.

(n) "**Non-Party**" means any natural person, business entity, or other legal entity not named as a Party to this action.

(o) "**Party**" means any party to this Action.

(p) "**Producing Party**" means a Party or Non-Party that produces Protected Material in this action.

(q) "**Professional Vendors**" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who: (1)

have been retained by a Party or its counsel to provide litigation support services with respect to this Action; (2) are not a current or former employee of a Party or of a Party's competitor; and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

(r)    "**Protected Material**" means any Confidential Materials and Highly Confidential Material.

(s)    "**Protective Order**" means this Stipulated Protective Order.

(t)    "**Receiving Party**" shall refer to any Party or Non-Party that receives Protected Material.

(u)    "**Testimony**" means all depositions, declarations, or other testimony taken or used in this Action, excluding testimony given at hearings or trial before the Court.

## 3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a Party or its Counsel that might reveal Protected Material other than during a court hearing or at trial.

However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure to a Receiving Party or becomes part of the public domain after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the Disclosure or obtained by the Receiving Party after the Disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material during a court hearing or at

trial shall be governed by the order(s) of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

**4.    <u>DURATION</u>**

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.    <u>DESIGNATING PROTECTED MATERIAL</u>**

(a)    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably swept within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation or amend same as appropriate.

(b)    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, a Disclosing Party

producing Documents, Testimony, or Information that qualifies for protection under this Protective Order must clearly designated such material before the material is Disclosed or produced.

Designation in conformity with this Protective Order requires:

(i)    <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYS ONLY," to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(ii)    <u>For testimony given in depositions</u>: the Designating Party shall identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. If it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to take up to 21 days to identify the specific portions of the testimony to be designated as Protected Material. Only those portions of the testimony that are appropriately designated for protection within the allotted time shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, during the deposition or in the allotted time following the deposition (if requested), that the entire transcript shall be treated as Protected Material.

A Party shall give the other Parties a minimum of two (2) business days' written notice if they reasonably expect any deposition to include

Protected Material so that the other Parties can ensure that only authorized individuals who have signed the Acknowledgment are present at those depositions. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page stating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Unless otherwise agreed in writing, any transcript that is prepared before the expiration of the 21-day period for designation described above shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period, the transcript shall be treated only as actually designated.

These requirements do not apply to testimony at a hearing or trial before the Court, where the determination of whether testimony is subject to any manner of protection is the sole province of the Court.

(iii)    For information produced in some form other than documentary and for any other tangible items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(c)    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

1  the Designating Party's right to secure protection for such material under this
2  Protective Order. Upon timely correction of a designation, the Receiving Party must
3  make reasonable efforts to assure that the material is treated in accordance with the
4  provisions of this Protective Order.

5  **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6      (a)    <u>Timing of Challenges</u>. Any Party may challenge a confidentiality
7  designation at any time that is consistent with the Court's Scheduling Order. Unless
8  a prompt challenge to a Designating Party's confidentiality designation is necessary
9  to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a
10 significant disruption or delay of the litigation, a Party does not waive its right to
11 challenge a confidentiality designation by electing not to mount a challenge
12 promptly after the original designation is Disclosed.

13     (b)    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
14 resolution process under Local Rule 37-1, et seq.

15     (c)    <u>Judicial Intervention</u>. If the Parties, after meeting and conferring,
16 cannot resolve a challenge within a reasonable time without Court intervention, the
17 Challenging Party shall proceed in accordance with Local Rule 37-1, et seq.

18     The burden of persuasion in any resulting proceeding shall be on the
19 Designating Party. Frivolous challenges and those made for an improper purpose
20 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
21 expose the Challenging Party to sanctions. Unless the Designating Party has waived
22 or withdrawn the confidentiality designation, all parties shall continue to afford the
23 material in question the level of protection to which it is entitled under the
24 Designating Party's designation until the Court rules on the challenge.

25 **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

26     (a)    <u>Basic Principles</u>. A Receiving Party may use Protected Material only
27 for prosecuting, defending, or attempting to settle this Action. Such Protected
28 Material shall not be used (directly or indirectly) for any other purpose whatsoever,

including for any business purpose or in connection with any other legal proceeding. Such Protected Material may be Disclosed only to the categories of persons and under the conditions described in this Protective Order.[1]   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(b)    Security of Protected Material.  Any person or entity in possession of Protected Material shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such Information to or with any person not entitled to receive it, so that the Protected Material is not further Disclosed or used in any manner inconsistent with this Order.  See supra Section 3.

(c)    Disclosure of Confidential Materials. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any Confidential Materials only to:

(i)    the Receiving Party's Counsel, as well as non-attorney employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation and who have signed the Acknowledgment;

(ii)    owners or officers of a Party who either have responsibility for making decisions dealing directly with the Action or who is assisting the Receiving Party's Counsel in preparing for proceedings in this Action and has signed the Acknowledgment.

(iii)    Experts of the Receiving Party to whom Disclosure is reasonably necessary and who have signed the Acknowledgment;

(iv)    the Court and its personnel;

---

[1] If a Non-Party witness is authorized to receive Protected Material that is to be used during their deposition but is represented by an attorney not authorized under this Protective Order to receive such Protected Material, the Protected Material may not be used during such deposition unless the attorney provides, before the deposition begins, an executed Acknowledgment, the Court prohibits such attorney from Disclosing Protected Material, or the Court otherwise orders.

(v)    stenographic reporters, videographers and/or their staff, and Professional Vendors to whom Disclosure is reasonably necessary and who have signed the Acknowledgment;

(vi)    during their deposition, witnesses in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment, except as otherwise ordered by the Court. Before making such a Disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object;

(vii)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

(viii)    mock jury participants, provided such individuals have signed the Acknowledgment; and

(ix)    any mediator assigned to hear this matter, and his or her staff, provided such individuals have signed the Acknowledgment.

(d)    <u>Disclosure of Highly Confidential Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any Highly Confidential Materials only to:

(i)    the Receiving Party's Counsel, as well as non-attorney employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation and who have signed the Acknowledgment;

(iii)    Experts of the Receiving Party to whom Disclosure is reasonably necessary, who have signed the Acknowledgment, and who have not been objected to pursuant to Section 7(e);

(iii)    the Court and its personnel;

(iv)    stenographic reporters, videographers and/or their staff, and Professional Vendors to whom Disclosure is reasonably necessary and who have signed the Acknowledgment;

AMENDED STIPULATED PROTECTIVE ORDER

(v)    during their deposition, witnesses in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment, except as otherwise ordered by the Court. Before making such a Disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object;

(vi)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

(vii)    mock jury participants, provided such individuals have signed the Acknowledgment; and

(viii)    any mediator assigned to hear this matter, and his or her staff, provided such individuals have signed the Acknowledgment.

(e)    <u>Procedures for Approving or Objecting to Disclosure of Highly Confidential Materials to Experts.</u>  Unless ordered by the Court or agreed to in writing by the Designating Party, Counsel that seeks to Disclose any Highly Confidential Materials to an Expert must first make a written request (by email or overnight mail) to the Designating Party that (i) identifies the general categories of Highly Confidential Materials that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the general capacity of the person to whom the disclosure is intended to be made (e.g. "Expert").

For the avoidance of doubt, the written request described herein does not constitute and shall not be construed or interpreted as a demand for expert information under Federal Rules of Civil Procedure Rule 26(a)(2).

A Party that makes a request and provides the information pursuant to this Section 7(e) may Disclose the subject Protected Material to the identified person five (5) days after sending the written request, unless the Party receives a written objection from the Designating Party. Any such objection must (i) be sent by email or overnight mail and (ii) set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) days of service of the written objection. If no agreement is reached, the Party seeking to make the Disclosure to the Expert may proceed pursuant to Local Rule 37-1, et seq. or as the court may otherwise direct.  In any such proceeding, the Party opposing Disclosure to the Expert shall bear the burden of proving that the risk of harm that the Disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to Disclose the Protected Material.

A party who has not previously objected to Disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is Disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

(f)    <u>Additional Parties</u>.  In the event that additional persons or entities become parties to this Action, such parties shall not have access to Protected Material produced by or obtained from any Designating Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms or unless otherwise ordered by the court.

## 8. <u>DESIGNATION IS NOT AN ADMISSION.</u>

Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

The parties agree that a designation of materials as Confidential Material or Highly Confidential Material is not intended to be and shall not be construed as an admission that the Confidential or Highly Confidential Materials are relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

Nothing in this Order shall be deemed an admission that any particular Protected Material are entitled to protection under this Order or any other law.

**9.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or court order issued in other litigation that compels Disclosure of Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. Such notification shall be in writing and include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order within 15 business days of receiving notice of the subpoena or court order referenced herein, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

The terms of this Protective Order are also applicable to Protected Material produced by a Non-Party in this action. Such information designated and produced by Non-Parties is protected by the remedies and relief provided by this Protective

Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify the Requesting Party and the Non-Party in writing that some or all the information requested is subject to a confidentiality agreement with a Non- Party;

(b)    promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    to the extent it is reasonably possible, make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order within seven (7) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material in this Court.

## 11.    PRODUCTION OF CONFIDENTIAL MATERIALS BY A NON-PARTY.

Any nonparty producing Protected Material in this Action may be included in this Order by endorsing a copy of the Acknowledgement and delivering the endorsed copy to the party that made the request for Information. The Receiving

Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate Information produced by other parties or nonparties as Confidential Materials or Highly Confidential Materials as consistent with the terms and provisions of this Order.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized Disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material produced without authorization, (c) inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Acknowledgment.

**13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rules of Civil Procedure Rule 26(b)(5)(B). Pursuant to Federal Rules of Evidence Rule 502(b), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

**14.    FILING PROTECTED MATERIAL.**

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the

Receiving Party may file the information in the public record unless otherwise instructed by the court.

**15.   <u>MISCELLANEOUS.</u>**

(a)   <u>Right to Further Relief.</u> Nothing in this Protective Order shall limit the right of any person to seek to modify its terms by the Court. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Protective Order may enter into a written agreement releasing any other Party hereto from one or more requirements of this Protective Order even if the conduct subject to the release would otherwise violate the terms herein.

(b)   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to Disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(c)   <u>No Agreement Concerning Discoverability.</u> The designation of materials as Protected Material is not an admission that the Disclosure of such materials is required or appropriate in this Action. The Parties reserve the right to object to the production of materials that can or are designated as Protected Material.

(d)   <u>No Limitation on Legal Representation.</u> Nothing in this Protective Order shall preclude or impede Counsel's ability to communicate with or advise their client in connection with this Action based on such Counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not Disclose or reveal the substance or content of any Protected Material other than as permitted under this Protective Order.

(e)   <u>Violations.</u> If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Protective Order may be subject to sanctions, or any other remedies as appropriate, if ordered by the Court. If motion

practice is required to enforce the terms of this Protective Order, the parties agree that the prevailing party on such a motion may seek an award of costs, expenses, and fees, including reasonable attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.  It is within the Court's discretion to determine whether or not to grant such a request.

     (f)    <u>Agreement Upon Execution.</u> Each of the Parties agrees to be bound by the terms of this Protective Order as of the date Counsel for such Party executes this Protective Order, even if prior to entry of this Protective Order by the Court. This Protective Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**16.    <u>FINAL DISPOSITION AND SURVIVAL.</u>**

     Within sixty (60) days after the Final Disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

     Notwithstanding this provision, Counsel are entitled to retain, for archival purposes or in disaster recovery backups, a copy of all pleadings, motion papers and trial briefs, written discovery requests and responses (and exhibits thereto), trial,

deposition, and hearing transcripts, legal memoranda, correspondence, deposition, hearing and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies and disaster recovery backups that contain or constitute Protected Material remain subject to this Protective Order.

The treatment accorded under this Protective Order shall survive the Final Disposition of this Action and shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Order.

To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the conclusion of this Action.

Respectfully submitted,

Dated: January 27, 2025

**STUBBS ALDERTON & MARKILES, LLP**

By: ___/s/ Celina C. Kirchner_____
    Jeffrey F. Gersh
    Celina C. Kirchner
    Attorneys for Plaintiff/Cross-Defendant,
    THE MASYC GROUP, INC.

Dated:  January 27, 2025

**MILLER NASH**

By: _____Eric J. Danowitz_____
    Eric J. Danowitz
    Kelly Champ
    Defendants/Counterclaimants,
    JOHN LAM, KELLEY KEYES, GREG
    DEMMELMAIER, CHAD
    HOLEWINSKI, SEAN PHAN and
    TRENEZ LLC

AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content, and have authorized this filing.

Dated:  January 27, 2025          **STUBBS ALDERTON & MARKILES, LLP**


By: _____Celina C. Kirchner_____
Jeffrey F. Gersh
Celina C. Kirchner
Attorneys for Plaintiff/Cross-Defendant,
THE MASYC GROUP, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Amended Stipulated Protective Order as modified.

IT SO ORDERED.

Dated:  February 19, 2025

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

AMENDED STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**ACKNOWLEDGMENT RE: RECEIPT OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL PROTECTED MATERIAL**

I, _____, declare that:

1. I am _____ (position and employer).

2. I have received a copy of the Amended Stipulated Protective Order ("**Order**") in this Action, Case Number 2:24-cv-03900, issued on February 19, 2025.

3. I have carefully read and understand the provisions of this Order and I agree to abide by its terms.

4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any materials designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such material designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Order.

5. I agree that at the conclusion of the Action, I will return all Protected Material to the party or attorney from whom I received it.

6. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.

7. I understand that disclosure of materials designated "Confidential" and "Highly Confidential" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ____ day of _____, 20__, at _____.

DATED: _____    BY: _____
                                                           Signature

                                                       _____
                                                           Title

                                                       _____
                                                           Address

                                                       _____
                                                           City, State, Zip Code

                                                       _____
                                                           Telephone Number